[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 10667
The plaintiff, Charles D. Lilley, and the defendant Rosanna D. Lilley, appeared before this court seeking a dissolution of their marriage and an equitabLe division of their assets and liabilities.
The parties were married in Milford, Connecticut on November 27, 1965.
The court finds that both parties have resided in the State of Connecticut for more than one year immediately prior to the commencement of this action.
The court finds that the marriage has broken down irretrievably without any possibility of reconciliation.
The court therefore enters a decree of dissolution.
At the commencement of this action there was still one minor child issue of their marriage, however she has in the interim period of time achieved her majority and the court therefore enters no orders relating thereto. There are three other adult children issue of their marriage, all of whom are living at home. None of them are contributing toward the maintenance of the household.
The plaintiff is employed by the General Electric Co. and has a gross income of $645.00 per week with a net income of $428.78 per week. Included in the deductions from his gross income is a loan repayment in the amount of $45.15.
The defendant's employment consists of part-time employment at the Milford Jai Alai as a parimutuel clerk. Her gross income while employed amounts to $267.03 per week with a net income of $223.50 per week. She also indicates that she receives gratuities approximating $90.00 per week.
The defendant's financial affidavit shows debts of $45,126.00, almost all of which can be attributed to various credit cards. Except for the card issued by Associates National Bank, the plaintiff was unaware of these debts until the dissolution CT Page 10668 proceedings were instituted.
Upon their separation in September 1991 the plaintiff withdrew $20,000.00 from his G.E. Savings and Security Plan. With these funds he purchased a van, took several vacations, and presently has $6,000.00 of the withdrawal left in a savings account.
All of the credit cards except for one had been obtained without the plaintiff's knowledge, his name having been signed to the application without his knowledge or permission.
The marital residence on Judith Drive in the City of Milford is owned jointly by the parties. At the present time there is a small mortgage remaining due of approximately $5,000.00. The equity of each party amounts to about $95,000.00.
The property at Judith Drive is hereby ordered sold and the net proceeds as hereinafter determined are to be divided equally between the parties sixty percent to the defendant wife and forty percent to the plaintiff husband. All of the expenses of the sale are to be paid from the gross price achieved including the balance due on the mortgage. The credit card debt listed on the wife's financial affidavit is to be paid as follows: Sixty (60) percent of the amount due shall be paid and deducted from the defendant wife's share and forty (40) percent deducted from the plaintiff husband's share.
The court further considers the long term aspects of this marriage, the complaints of both parties as to the reasons for the breakup of the marriage and the wife's limited work experience in deciding the issue of alimony. The plaintiff is ordered to pay $130.00 weekly.
The defendant at her own expense shall have the rights to any health insurance coverage available to her through the plaintiff's employer.
The 1981 Oldsmobile and the 1985 Buick shall be the property of the defendant wife. The 1987 Ford Van and all other vehicles in the plaintiff's name shall remain his property. Any other vehicle in the plaintiff's name and conveyed by the defendant to a third party, the proceeds therefrom are to be accounted for and turned over to the plaintiff.
The savings bonds are to be shared equally between the CT Page 10669 parties.
The court further makes no division relating to the plaintiff's pension with General Electric Co.
The Court
Curran, J.